**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian K. Dumesnil and Karen Dumesnil, husband and wife,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Bank of America, N.A., et al.,<br><br>　　　　Defendants. | No. CV10-0243-PHX-NVW<br><br>**ORDER**<br><br>[NOT FOR PUBLICATION] |

　　　　Before the Court is the Defendants' Motion to Dismiss (doc. # 8) by Defendants Bank of America, N.A. ("B of A"), Mortgage Electronic Registration Systems ("MERS"), Countrywide Home Loans, Inc. ("Countrywide"), and Recontrust Company, N.A. ("Recontrust") (collectively, "Defendants"), and Plaintiffs' request for leave to amend the Complaint to add "MASTR Adjustable Rate Mortgages Trust 2007-2, U.S. Bank N.A. as Trustee, and BAC Home Loans" (doc. # 16).

**I.　　Legal Standards**

**　　A.　　Fed. R. Civ. P. 8**

　　　　Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). A claim must be stated clearly enough to provide each defendant fair

opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). "Something labeled a complaint . . ., yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180.

**B.     Fed. R. Civ. P. 12(b)(6)**

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint must contain "only enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

First, allegations in the complaint that are not entitled to the assumption of truth must be identified. *Id.* at 1949, 1951. The principle that all of the allegations in a complaint are accepted as true does not apply to legal conclusions or conclusory factual allegations. *Id.* at 1949, 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Second, whether the factual allegations plausibly suggest an entitlement to relief must be determined. *Iqbal*, 129 S. Ct. at 1950, 1951. This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. *Id.*

1    Generally, material beyond the pleadings may not be considered in deciding a Rule
2 12(b)(6) motion. However, material properly submitted as part of the complaint and
3 documents not physically attached to the complaint whose contents are alleged in a
4 complaint and whose authenticity no party questions may be considered. *Branch v.*
5 *Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v.*
6 *County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

### C. Fed. R. Civ. P. 9(b)

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires allegations of fraud to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

## II. Facts Assumed True

For this motion to dismiss, Plaintiffs' allegations of material fact are assumed to be true and are construed in the light most favorable to them. *See Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Stated here are just the allegations of the Complaint, and the Court does not determine whether they are true.

On December 29, 2006, Plaintiffs received a loan on the property at 15045 N. 81st Avenue in Peoria, Arizona ("Property") from Countrywide in the form of a promissory note in the amount of $1,400,000.00 ("Note") secured by a deed of trust that included an adjustable rate addendum ("Deed of Trust"). The addendum sets an initial fixed interest rate of 5.75% for five years and, beginning February 1, 2012, an adjustable interest rate that could change every 12th month thereafter. The adjustable interest rate is calculated by adding 2.250% to the average of interbank offered rates for one-year U.S. dollar-

denominated deposits in the London market as published in *The Wall Street Journal*, with a maximum interest rate of 10.750%. The Deed of Trust identifies Countrywide as the lender, Fidelity National Title Insurance Co. as the trustee, and MERS as the beneficiary. It states that "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns." It further states that Plaintiffs irrevocably grant and convey to Trustee, in trust, the Property with power of sale and Lender may remove Trustee for any reason or cause and appoint a successor trustee.

Plaintiffs apparently made timely loan payments in 2007 and until early 2008, when they "began experiencing financial difficulty and missed some house payments." They notified B of A and sought a loan modification but did not receive one. A Notice of Trustee's Sale of the Property scheduled for October 19, 2009, was recorded on July 16, 2009. It identified MERS as the beneficiary and Recontrust as the current trustee. On October 8, 2009, Plaintiffs sent to B of A notice of a dispute and request to verify the debt. On October 16, 2009, Plaintiffs initiated this action in the Maricopa County Superior Court.

On January 11, 2010, counsel for BAC Home Loans Servicing, LP, a subsidiary of B of A, f/k/a Countrywide Home Loans Servicing LP, responded to Plaintiffs' counsel's October 8, 2009 letter to B of A. The response stated that the current owner of the Note is U.S. Bank National Association, as Trustee of MASTR Adjustable Rate Mortgages Trust 2007-2 Rate Mortgages Trust 2007-2, and BAC Home Loans is the current servicer of the loan. The response provided Plaintiffs' payment history, a copy of the Interest Only Adjustable Rate Note dated December 29, 2006, in the principal sum of $1,400,000.00, and a payoff demand statement. It also stated that the payoff amount of the loan through January 19, 2010, was $1,526,726.93. It appears that a trustee's sale has not been held. On February 2, 2010, Defendants removed this case from the state court to federal court.

## III. Analysis

### A. Count One (UCC Defenses to Foreclosure) (All Defendants)

The Complaint alleges that all Defendants violated A.R.S. § 47-3101, *et seq.*, by selling the Property at a trustee's sale without possession of the original Note or other entitlement to enforce the Note.

Under Arizona's Deed of Trust Act, a "deed of trust," or "trust deed" conveys trust property to a qualified trustee to secure the performance of a contract or contracts. A.R.S. § 33-801(8). "Contract" includes, but is not limited to, a note, a promissory note, or provisions of any trust deed. A.R.S. § 33-801(4). "[A] power of sale is conferred upon the trustee of a trust deed under which the trust property may be sold . . . after a breach or default in the performance of the contract or contracts, for which the trust property is conveyed as security." A.R.S. § 33-807(A).

Although the Arizona Deed of Trust Act confers power of sale on the trustee upon default or breach of the contract secured by the trust deed without reference to enforcing or producing a note or other negotiable instrument, Plaintiffs contend that, before exercising the power of sale, a trustee or beneficiary must show possession of the original note memorializing the underlying debt or other proof of being the holder of the note identified in the security instrument. They cite no authority, however, and the Court has found none, supporting the assertion that exercising the power of sale granted by statute and the Deed of Trust requires compliance with the Arizona Uniform Commercial Code—Negotiable Instruments.

No Arizona court or any federal appellate court has decided this issue, but many district courts for the District of Arizona have rejected the "show me the note" argument. *See Contreras v. U.S. Bank*, No. CV09-0137-PHX-NVW, 2009 WL 4827016 (D. Ariz. Dec. 15, 2009); *Blau v. America's Servicing Co.*, No. CV08-0773-PHX-MHM, 2009 WL 3174823 (D. Ariz. Sept. 29, 2009); *Goodyke v. BNC Mortgage, Inc.*, No. CV09-0074-PHX-MHM, 2009 WL 2971086 (D. Ariz. Sept. 11, 2009); *Garcia v. GMAC Mortgage, LLC*, No. CV09-0891-PHX-GMS (D. Ariz. Aug. 31, 2009); *Diessner v. Mortgage Elec.*

*Registration Sys.*, 618 F. Supp. 2d 1184 (D. Ariz. 2009); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178 (D. Ariz. 2009); *but see Castro v. Executive Trustee Servs., LLC*, No. CV08-2156-PHX-LOA, 2009 WL 438683 at *5 (D. Ariz. Feb. 23, 2009). "Where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." *Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir. 1986), *modified at* 810 F.2d 1517 (9th Cir. 1987).

Under A.R.S. § 47-3104(B), "instrument" means a "negotiable instrument." "Negotiable instrument" means:

> . . . an unconditional promise or order to pay a fixed amount of money, if it:
>
> 1. Is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
>
> 2. Is payable on demand or at a definite time; and
>
> 3. Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain:
>
>    (a) An undertaking or power to give, maintain or protect collateral to secure payment;
>
>    (b) An authorization or power to the holder to confess judgment or realize on or dispose of collateral; or
>
>    (c) A waiver of the benefit of any law intended for the advantage or protection of an obligor.

A.R.S. § 47-3104(A). The Deed of Trust is not an unconditional promise to pay a fixed amount of money, is not payable to bearer or to order, is not payable on demand or at a definite time, and states numerous acts that Plaintiffs promised to do in addition to paying money. The Deed of Trust, therefore, is not an "instrument" under the Arizona Uniform Commercial Code—Negotiable Instruments.

It is not necessary to decide whether the Note is an "instrument" under A.R.S. § 47-3104(A) because the trustee's sale that Plaintiffs seek to avoid would be conducted pursuant to the trustee's power of sale, not as an action to enforce the Note.

Therefore, Count One of the Complaint will be dismissed under Fed. R. Civ. P. 12(b)(6) for "lack of a cognizable legal theory." *See Balistreri*, 901 F.2d at 699.

### B. Counts Two (Declaratory Relief) and Three (Injunction)

Counts Two and Three do not state independent causes of action but rather seek relief based on theories pled in other counts. Because the counts on which they depend will be dismissed, Counts Two and Three also will be dismissed for failure to state a claim upon which relief can be granted.

### C. Count Four (Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"))

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Section 1692e prohibits debt collectors from making false, deceptive, or misleading representations in connection with debt collection. Section 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt. Section 1692g requires debt collectors to provide consumers with certain written information in connection with debt collection.

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). It includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." *Id.* However, "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), *modified on other grounds*, 761 F.2d 237 (5th Cir. 1985). A creditor is defined

1  as "any person who offers or extends credit creating a debt or to whom a debt is owed, but
2  such term does not include any person to the extent that he receives an assignment or
3  transfer of a debt in default solely for the purpose of facilitating collection of such debt for
4  another." 15 U.S.C. § 1692a(4).

None of Defendants are in the business of collecting debts for others; none is a "debt collector" as defined by the FDCPA. Therefore, Count Four will be dismissed for failure to state a claim upon which relief can be granted.

### D. Count Five (Violation of the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA") and Regulation Z, 12 C.F.R. §§ 201, *et seq.*) (Countrywide, B of A)

The purpose of TILA is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). Any action under TILA must be brought within one year from the date of the occurrence of the alleged violation. 15 U.S.C. § 1640(e). The limitations period in § 1640(e) generally runs from the date of consummation of the transaction, which was December 29, 2006, and therefore expired on December 29, 2007, almost two years before Plaintiffs initiated this action in state court. *See King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).

The Complaint does not allege a factual basis for equitable tolling of the limitations period, but rather alleges only the legal conclusion that Countrywide and B of A "fraudulently misrepresented and concealed the true facts related to the items subject to disclosure to Plaintiffs and he [*sic*] did not discover the Defendant's failure to make such disclosures pursuant to 15 U.S.C. [§]1638 until one (1) year within the filing of this Complaint." *See id.* The Complaint alleges that Countrywide failed to disclose one or more of nine items without identifying which of the nine were not disclosed and without alleging how Countrywide concealed from Plaintiffs that they did not receive the TILA disclosure, two copies of the Right to Cancel notice, or a notice of right to rescind. Moreover, in their response to the motion to dismiss, Plaintiffs do not challenge the

- 8 -

authenticity of the TILA disclosure documents with Plaintiffs' signatures, which were referenced in the Complaint and attached to the motion to dismiss.

Therefore, Count Five will be dismissed for failure to state a claim upon which relief can be granted.

### E. Count Six (Violation of Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA")) (Countrywide, B of A)

The Complaint alleges that Countrywide violated RESPA by failing to provide Plaintiffs with the required disclosures within the required time periods. It does not allege any factual basis for claiming B of A violated RESPA. Nor does it plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 129 S. Ct. at 1949. The Complaint references 12 U.S.C. §§ 2601, 2604, 2607, and 2608, but fails to state a claim upon which relief can be granted under any of those sections or § 2605.

Private rights of action are created only for §§ 2605, 2607, and 2608. *See* 12 U.S.C. § 2614. Section 2601 states only congressional findings and purpose. There is no private civil action for a violation of § 2604. *Collins v. FMHA-USDA*, 105 F.3d 1366, 1368 (11th Cir. 1997) (per curiam).

Section 2605 requires lenders to provide borrowers, at the time of loan application, information regarding whether loan servicing may be transferred and to notify borrowers at least 15 days before any transfer is made. The Complaint does not expressly allege that § 2605 was violated, the loan servicing was transferred, or the transfer and violation occurred within three years before the Complaint was filed on October 16, 2009. *See* 12 U.S.C. § 2614. With respect to a claim under § 2605, the Complaint does not allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *See Twombly*, 550 U.S. at 555. Moreover, Plaintiffs do not dispute that they signed the Deed of Trust, which provides that loan servicing may be transferred.

Section 2607 of RESPA prohibits giving or accepting referral fees related to a real estate settlement service and splitting charges made or received for the rendering of a real

estate settlement service other than for services actually performed.  The Complaint does not include any factual allegations to support a claim under § 2607.  Moreover, any action brought under § 2607 must be brought within one year of a violation.  12 U.S.C. § 2614. Because the limitations period expired on December 29, 2007, almost two years before Plaintiffs initiated this action, the Complaint fails to state a claim upon which relief can be granted under § 2607.

Section 2608(a) provides that a *seller* of property may not require the buyer to purchase title insurance from any particular title company if the purchase is assisted with a federally related mortgage loan.  Although the Complaint alleges entitlement to damages under § 2608, Plaintiffs have not alleged any claims against the seller of the Property. Further, the Complaint does not allege that Plaintiffs were required to purchase title insurance from a particular title company or that he incurred charges for such title insurance.  Moreover, any action alleging a violation of § 2608 must be brought within one year of the alleged violation, in this case, by December 29, 2007.  12 U.S.C. § 2614. And the Complaint does not allege facts to support equitable tolling of the limitations period.

Therefore, Count Six will be dismissed for failure to state a claim upon which relief can be granted.

**F.  Count Seven (Violation of Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1602(aa), 1610, and 1639) ("HOEPA")) (Countrywide, B of A)**

The Complaint alleges that Countrywide violated HOEPA; it does not allege any factual basis for claiming B of A violated HOEPA.  HOEPA is an amendment to TILA "to define a class of non-purchase, non-construction, closed-end loans with high interest rates or upfront fees as 'High Cost Mortgages,'" require creditors making High Cost Mortgages to provide special disclosures three days before consummation of the transaction," and prohibit High Cost Mortgages from including certain terms such as prepayment penalties and balloon payments.  S. Rep. 103-169, at 21 (1993).  HOEPA applies only to "closed-

end loans that are not used for acquisition or construction and that have up-front fees or interest rates above the 'triggers' in the bill." *Id.* at 23. The "triggers" are:

> (A) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities . . .; or
>
> (B) the total points and fees payable by the consumer at or before closing will exceed the greater of–
>
>> (i) 8 percent of the total loan amount; or
>>
>> (ii) $400.

15 U.S.C. § 1602(aa)(1). The Complaint does not include factual allegations that, if true, would establish that Plaintiffs' loan transaction here meets § 1602(aa)(1)'s criteria.

Moreover, any HOEPA action must be brought within one year from the date of the occurrence of the violation, which, in this case, expired December 29, 2007. 15 U.S.C. § 1640(e). The Complaint does not allege facts to support equitable tolling of the limitations period.

Finally, Plaintiffs appear to have abandoned any HOEPA claim by failing to defend it in their response to the motion to dismiss. Therefore, Count Seven will be dismissed as for failure to state a claim upon which relief can be granted.

**G.    Count Nine (Arizona Consumer Fraud Act, A.R.S. §§ 44-1521, *et seq.*) (Countrywide, B of A)**

A.R.S. §44-1522(A) declares the use of "any deception, . . ., misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise" to be an unlawful practice. "The elements of a private cause of action under the [Consumer Fraud Act] are a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the hearer's consequent and proximate injury." *Dunlap v. Jimmy GMC of Tucson, Inc.*, 136 Ariz. 338, 342, 666 P.2d 83, 87 (Ct. App. 1983) (citations omitted). Count Nine of the Complaint alleges that Countrywide misrepresented the terms of the loan offered to Plaintiffs, including "the true cost of the loan, the true parties to the loan, the interest rate, the payments to be made

under the loan, Plaintiff's [*sic*] ability to qualify for the loan, and Plaintiff's [*sic*] ability to refinance the loan in the future." It further alleges that Countrywide "made a loan to Plaintiffs without making a commercially reasonable determination of Plaintiff's [*sic*] ability to repay the loan" and "knew, or should have known, that Plaintiffs would be incapable of making loan payments as required by the terms of the loan based on Plaintiff's [*sic*] income." Further, Count Nine alleges that Plaintiffs relied on Countrywide's representations. Count Nine includes no allegations of any misconduct by B of A or basis for imposing liability on B of A for Countrywide's actions.

In their response to the motion to dismiss, Plaintiffs state:

> Plaintiff's [*sic*] Complaint, taken as a whole, pleads the circumstances constituting fraud with particularity. Pleading the circumstances constituting fraud means the time, the place, and the substance of the false misrepresentation, the facts misrepresented and the identification of the party making the representation, and what was obtained thereby.

However, the Complaint, even taken as a whole, does not plead any of those elements with particularity. Moreover, Plaintiffs' claim under the Arizona Consumer Fraud Act consists of no more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Iqbal*, 129 S. Ct. at 1949.

Further, the few factual allegations that are made related to Count Nine do not plausibly suggest an entitlement to relief. The Deed of Trust and the Note provided for an initial interest rate of 5.75% until at least February 1, 2012. Plaintiffs did not begin missing loan payments until early 2008, before the interest rate adjusted and after apparently making timely payments for more than a year. It is implausible that Countrywide knew or should have known at the time of the 2006 loan transaction that Plaintiffs would become incapable of making loan payments in 2008.

Therefore, Count Nine will be dismissed for failure to state a claim upon which relief can be granted.

///

### H. Counts Eight (Conspiracy to Commit Fraud and Conversion), Thirteen (Fraud–Misrepresentation), Fourteen (Fraud–Concealment), and Seventeen (Fraud–Concealment) (All Defendants)

Fed. R. Civ. P. 9(b) requires allegations of fraud to be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged," such as "the time, place and nature of the alleged fraudulent activities." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). However, "mere conclusory allegations of fraud are insufficient." *Moore*, 885 F.2d at 540. Counts Thirteen, Fourteen, and Seventeen will be dismissed under Fed. R. Civ. P. 9(b) and 12(b)(6) because they consist of no more than "mere conclusory allegations of fraud" and a "formulaic recitation of the elements of a cause of action." *See id.*; *Twombly*, 550 U.S. at 555. Also, in their response to the motion to dismiss, Plaintiffs state: "Plaintiffs move to dismiss count seventeen (17) as errata."

Facts alleged to support Count Eight are:

- Defendants conspired to deprive Plaintiffs of their property "through fraud and misrepresentation which would result in Plaintiffs entering a loan for which Plaintiffs was [*sic*] not qualified."
- "Defendants intended that the loan would be packaged and sold, resulting in a substantial profit to Defendants."
- "Defendants knew prior to their origination and subsequent transfer of the loan, that Plaintiffs were not qualified for the loan. Furthermore, the Defendants knew, or should have known, that Plaintiffs would rely, and did rely, on Defendants' representations as alleged herein related to Plaintiff's [*sic*] ability to repay the loan or to refinance the loan."
- "Defendants' legal objective of assigning and selling the loan was accomplished by illegal means in procuring the loan because of Defendants' violation of [TILA, RESPA, and HOEPA] as alleged herein."

- "Upon information and belief, as an alternative to packaging and selling Plaintiffs' loan, Defendants knew that the loan would be subject to foreclosure as a result of Plaintiff's [sic] inability to make payments on the Note as the payment escalated during the term of the loan resulting in Plaintiffs['] inability to qualify for a refinance at a later date."
- "Defendant intended that Plaintiffs would default on the loan and Defendants would be in the position of seizing the Residence in a foreclosure action, depriving Plaintiffs of their residence."

First, Count Eight does not identify which Defendant allegedly committed which wrongful acts, including what, when, and by whom misrepresentations were made. A complaint should consist of "clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence." *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

Second, none of the allegedly wrongful actions are alleged to have been committed by B of A. Because B of A did not participate in the loan transaction and was neither the agent nor principal for any of those participating in the loan transaction, it is implausible that before B of A acquired Countrywide's assets, which included Plaintiffs' debt, B of A conspired with Countrywide and other Defendants to offer Plaintiffs a loan with the intention that Plaintiffs would someday default on the loan.

Third, the factual allegations do not plausibly suggest an entitlement to relief. *See Iqbal*, 129 S. Ct. at 1950, 1951. The fact that Plaintiffs made timely loan payments for more than a year refutes the allegation that they were not qualified for the loan at the time of the loan transaction. The fact that they began missing payments before the loan's interest rate adjusted rebuts any inference that their default was caused by an undisclosed exorbitant rate adjustment or oppressive loan terms. Moreover, their loan had a 5.75% fixed annual interest rate for a five-year period and during the subsequent years could not exceed 10.750%. The fact that Plaintiffs were able to make timely payments for more than

a year contradicts the allegation that they relied on Countrywide's representations regarding their ability to repay the loan.

In their response to the motion to dismiss, Plaintiffs contend only that "Plaintiffs have properly pled that the Defendant Conspirators developed a system that committed fraud, and violated numerous federal lending laws." Plaintiffs have not, however, properly pled claims under FDCPA, TILA, RESPA, or HOEPA or factual allegations to support a claim that B of A "developed a system that committed fraud."

Therefore, Counts Eight, Thirteen, Fourteen, and Seventeen will be dismissed for failure to state a claim upon which relief can be granted and failure to plead fraud with particularity.

I. **Counts Ten (Estoppel), Eleven (Fiduciary Duty of Care), Twelve (*Respondeat Superior*), Fifteen (Implied Duty of Good Faith and Fair Dealing), Sixteen (Breach of Contract–Damages), and Eighteen (Punitive Damages)**

Plaintiffs' response to the motion to dismiss does not defend their claims of estoppel, fiduciary duty of care, implied duty of good faith and fair dealing, *respondeat superior*, and breach of contract and therefore abandons them. Moreover, the Complaint pleads these claims with no more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and in some instances even less, *e.g.*, references to "counter-claimants" and "counter-defendants" where there is no counterclaim. Therefore, Counts Ten, Eleven, Twelve, Fifteen, Sixteen, and Eighteen will be dismissed for failure to state a claim upon which relief can be granted.

**IV. Leave to Amend**

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). But, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Amendment of most of Plaintiffs' claims would be futile. Counts One, Two, and Three depend on the "show me the note" theory that is rejected as a matter of law. Count Four, claiming violation of the FDCPA, would apply only to debt collectors, which

- 15 -

1 | Defendants are not. Count Five, claiming violation of TILA, applies only to the initial
2 | creditor, Countrywide, and is time-barred. Count Six, claiming violation of RESPA, also
3 | is time-barred. Count Seven, claiming violation of HOEPA, does not apply to the loan
4 | transaction here, is time-barred, and is abandoned. Count Nine, claiming violation of the
5 | Arizona Consumer Fraud Act, does not apply to B of A, which did not participate in the
6 | loan transaction, but may apply to Countrywide if pled with particularity. Counts Eight,
7 | Thirteen, and Fourteen not appear to apply to B of A, but are pled in such a conclusory
8 | fashion that it is difficult to determine whether amendment would be entirely futile.
9 | Plaintiffs seek to voluntarily dismiss Count Seventeen. Plaintiffs have abandoned Counts
10 | Ten through Twelve, Fifteen, Sixteen, and Eighteen. Therefore, Counts One through
11 | Seven, Ten through Twelve, Fifteen, Sixteen, Seventeen, and Eighteen will be dismissed
12 | with prejudice. Count Nine will be dismissed without prejudice as to Countrywide
13 | and with prejudice as to the other Defendants. Plaintiffs will be granted leave to amend
14 | Counts Eight, Nine, Thirteen, and Fourteen.

15 |       IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (doc. # 8) by
16 | Defendants Bank of America, N.A., Countrywide Home Loans, Inc., Mortgage Electronic
17 | Registrations Systems, and Recontrust Company, N.A., is granted.

18 |       IT IS FURTHER ORDERED that Counts One through Seven, Ten through Twelve,
19 | Fifteen, Sixteen, Seventeen, and Eighteen of the Complaint are dismissed with prejudice
20 | for failure to state a claim upon which relief can be granted.

21 |       IT IS FURTHER ORDERED that Count Nine of the Complaint as against Bank of
22 | America, N.A., Mortgage Electronic Registrations Systems, and Recontrust Company,
23 | N.A. is dismissed with prejudice, and Count Nine as against Countrywide Home Loans,
24 | Inc., is dismissed with leave to amend by April 20, 2010.

25 |       IT IS FURTHER ORDERED that Counts Eight, Thirteen, and Fourteen are
26 | dismissed for failure to plead fraud with particularity and failure to state a claim upon
27 | which relief can be granted with leave to file an amended complaint by April 20, 2010.
28 |

IT IS FURTHER ORDERED that the Clerk enter judgment dismissing this action with prejudice after April 20, 2010, if Plaintiffs do not file an amended complaint by April 20, 2010.

DATED this 6th day of April, 2010.

_____
Neil V. Wake
United States District Judge